[No. 67461-7-I.   Division One.   July 9, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSH A. SANCHEZ, *Appellant*.

*James W. Conroy*, for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *David J. Eldred, John W. Cobb*, and *Michael P. Mohandeson, Deputies*, for respondent.

¶1 GROSSE, J. — The juvenile court is statutorily required to transmit relevant information to local enforcement agencies that review and assign a risk level to sexual offenders. Here, the juvenile court transmitted a juvenile's sexual behavior and risk assessment evaluation to the King County sheriff. That information is relevant and, as such, mandated by statute. Accordingly, we affirm.

¶2 Pursuant to a juvenile disposition, Josh Sanchez was permitted to remain in the community on the basis of a juvenile sexual behavior and risk assessment SSODA (spe-

cial sex offender disposition alternative) evaluation. RCW 13.40.160(3) concerns the juvenile court's authority to impose a SSODA. A juvenile is eligible for alternative disposition if an examination determines that the juvenile is amenable to treatment. RCW 13.40.162(2) provides:

(a) The report of the examination shall include at a minimum the following:

(i) The respondent's version of the facts and the official version of the facts;

(ii) The respondent's offense history;

(iii) An assessment of problems in addition to alleged deviant behaviors;

(iv) The respondent's social, educational, and employment situation;

(v) Other evaluation measures used.

The report shall set forth the sources of the evaluator's information.

(b) The examiner shall assess and report regarding the respondent's amenability to treatment and relative risk to the community. A proposed treatment plan shall be provided and shall include, at a minimum:

(i) The frequency and type of contact between the offender and therapist;

(ii) Specific issues to be addressed in the treatment and description of planned treatment modalities;

(iii) Monitoring plans, including any requirements regarding living conditions, lifestyle requirements, and monitoring by family members, legal guardians, or others;

(iv) Anticipated length of treatment; and

(v) Recommended crime-related prohibitions.

The juvenile court transmitted the evaluation to the sheriff's office to enable it to establish a risk assessment under RCW 4.24.550(6), which provides:

Local law enforcement agencies that disseminate information pursuant to this section shall: (a) Review available risk level

classifications made by the department of corrections, the department of social and health services, and the indeterminate sentence review board; (b) assign risk level classifications to all offenders about whom information will be disseminated; and (c) make a good faith effort to notify the public and residents within a reasonable period of time after the offender registers with the agency. *The juvenile court shall provide local law enforcement officials with all relevant information on offenders allowed to remain in the community in a timely manner.*[1]

■■ ¶3 Sanchez appeals the trial court's order denying his motion to bar release of the SSODA evaluation to the King County Sheriff's Office. The primary rule of statutory construction is to give effect to the legislature's intent.[2] Under the theory that the legislature is presumed to mean " 'exactly what it says,' " unambiguous statutory language is given its plain meaning.[3] Clearly, the evaluation is a record that relates to Sanchez' offense and information contained in the SSODA evaluation is "relevant information."

¶4 Sanchez argues that the legislature passed a new bill establishing an end-of-sentence review committee for assessments, which statute in effect overrules the sheriff's authority to make assessments, specifically, Substitute Senate Bill (SSB) 5204.[4]

---

[1] (Emphasis added.)

[2] *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010).

[3] *In re Dependency of J.W.H.*, 147 Wn.2d 687, 696, 57 P.3d 266 (2002) (internal quotation marks omitted) (quoting *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 964, 977 P.2d 554 (1999)).

[4] SSB 5204 concerns juveniles who have been adjudicated of a sex offense. Juveniles have the same duty to register as sex offenders as adults do. This bill provides relief to juveniles of that duty to register and for the sealing of records under certain conditions. If the juvenile is under the custody of the juvenile rehabilitation administration, the end-of-sentence review committee with the department of corrections review the juvenile's file and assign an initial risk classification. If the juvenile is on probation at the county level or serving a sentence under a SSODA, the juvenile's initial risk classification is assigned to the

¶5 Sanchez argues that SSB 5204(5) is controlling and in effect repeals the sheriff's authority to make risk assessments. Section (5) of SSB 5204 amends RCW 72.09.345. RCW 72.09.345(2) provides:

In order for public agencies to have the information necessary to notify the public as authorized in RCW 4.24.550, the secretary shall establish and administer an end-of-sentence review committee for the purposes of assigning risk levels, reviewing available release plans, and making appropriate referrals for sex offenders.

But this is the exact same language that appeared in RCW 72.09.345 in 1997 and remained unchanged by amendments thereto in 2008.[5] Thus, this section does not, as Sanchez argues, officially displace the sheriff as the designee of risk classifications, because the end-of-sentence review committee is "now charged with making risk classifications in the future." It has always been charged with risk assessment. One statute applies to the sheriff's office while the other applies to the end-of-sentence review committee.

¶6 Sanchez argues that the sheriff is not one of the parties specifically named by RCW 13.50.050, pertaining to confidential juvenile records. But RCW 13.50.050(3) cross-references RCW 4.24.550 and provides that records are confidential "and may be released only as provided in this section, RCW 13.50.010, 13.40.215, and 4.24.550." The statute clearly encompasses the sheriff having the relevant information.

¶7 Sanchez next argues that since the information is transmitted to the sheriff that information is at risk of being released under the Public Records Act (PRA), chapter 42.56 RCW. But RCW 13.50.050 provides that all records other than an official juvenile court file are confidential and may be released only in certain circumstances, such as

county sheriff. *See* FINAL B. REP. on SSB 5204, 62d Leg., Reg. Sess. (Wash. 2011).

[5] *See* former RCW 72.09.345 (1997), *amended by* LAWS OF 2008, ch. 231, § 49.

to the sheriff's office.[6] RCW 42.56.070 provides for the protection of records from disclosure, where specifically exempt from disclosure by other statutes, such as RCW 13.50.050. Indeed, in his reply brief, Sanchez agrees with King County's assessment that its polices would prohibit redisclosure of the evaluation under the public policy and rights to privacy contained within the PRA under RCW 42.56.070.

¶8 The release of the evaluation under RCW 4.24.550(6) does not violate Sanchez' right to privacy under state or federal statutes or under the state or federal constitutions. Sanchez' cite to GR 15 as support for his invasion of privacy theory is without merit. GR 31(a) identifies judicial policy to facilitate access to court records and to balance such access against the reasonable expectation of privacy as provided by article I, section 7 of the Washington State Constitution. The judiciary engaged in the necessary balancing with respect to juvenile court records in its adoption of Title 10 JuCR, which references RCW 13.50.010 through .250 as containing the rules applicable to juvenile court records.[7] As noted previously, those statutes establish the confidentiality of juvenile records.

¶9 Sanchez next cites RCW 70.02.005, 70.02.060, and 71.05.630, and HIPAA (Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d-1320d-8) as all precluding the release of the evaluation to the sheriff. Even if we considered the evaluation to be a health care record, there is a specific statute mandating its release to the sheriff for the purpose of making a risk assessment, not

---

[6] RCW 13.50.050 provides in part:

(1) This section governs records relating to the commission of juvenile offenses . . . .

(2) The official juvenile court file . . . shall be open to public inspection, unless sealed . . . .

(3) All records other than the official juvenile court file are confidential and may be released only as provided in this section, RCW 13.50.010, 13.40.215, and 4.24.550.

[7] JuCR 10.3-10.5.

for purposes of dissemination. Its release is sanctioned under RCW 70.02.050(2)(b), which provides for release of health care information without authorization if "required by law" and under RCW 71.05.630(1), which provides that records are confidential "[e]xcept as otherwise provided by law." The mandate by RCW 4.24.550(6) removes the privacy restrictions.

¶10 For this court to agree with Sanchez' claim that the release to the sheriff is constitutionally prohibited, this court must find that the statute providing for the evaluation's release is unconstitutional. A statute is presumed constitutional and the party challenging the constitutionality of a statute has the burden of proving its unconstitutionality beyond a reasonable doubt.[8] Where possible, the court must interpret a challenged statute in a manner that upholds its constitutionality.[9] The presumption in favor of a statute's constitutionality should be overcome only in exceptional cases.[10] Here, Sanchez has failed to prove the unconstitutionality of the statute beyond a reasonable doubt.

¶11 The trial court is affirmed.

APPELWICK and LAU, JJ., concur.

Review granted at 175 Wn.2d 1023 (2012).

---

[8] *Haley v. Med. Disciplinary Bd.*, 117 Wn.2d 720, 739, 818 P.2d 1062 (1991).

[9] *City of Seattle v. Webster*, 115 Wn.2d 635, 641, 802 P.2d 1333 (1990).

[10] *City of Seattle v. Eze*, 111 Wn.2d 22, 27-28, 759 P.2d 366 (1988).